

U.S. Department of Justice

Antitrust Division

*San Francisco Office*

*450 Golden Gate Avenue*　　　　　　　　　*415/934-5300*
*Box 36046, Room 10-0101*　　　　　　　*FAX 415/934-5399*
*San Francisco, CA  94102-3478*

September 29, 2017

The Honorable James A. Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

        Re:  *U.S. v. Elna Co., Ltd.* (16-CR-0365-JD); *U.S. v. Holy Stone Holdings Co., Ltd.* (16-CR-0366-JD); *U.S. v. Matsuo Electric Company Limited* (17-CR-0073-JD); *U.S. v. Nichicon Corporation* (17-CR-0368-JD)

Dear Judge Donato:

      Today, in a separate filing, the government and two of the four charged corporate defendants in the capacitors price fixing criminal matters, Elna (16-CR-0365) and Holy Stone (16-CR-0366), advised the Court that they had reached plea agreements under Rule 11(c)(1)(B).  In the filing, the parties request that the status hearing currently set for October 4, 2017 in both cases be converted to a change of plea hearing and rescheduled for October 11, 2017, when corporate representatives for both parties are available to travel to San Francisco.

      This development creates a question about how the Court wishes to address its intention, set forth in the September 13, 2017 hearing in *U.S. v. Elna*, to hold a status conference for all charged corporate defendants (Elna, Holy Stone, Nichicon, and Matsuo) to set a consolidated pre-trial and trial plan.

      The government notes that minute orders and the Court's calendar only set forth an October 4 status conference for Elna and Holy Stone, not for the other two charged corporations, Nichicon (17-CR-0368) and Matsuo (17-CR-0073).  However, the government attorneys have discussed with all four charged corporate defendants the Court's intention to have such a hearing, and all four have been made aware of the October 4 status conference on the Court's calendar.  For the Court's information, Nichicon has been charged in an Information, but has not yet made its initial judicial appearance.  Matsuo is scheduled for a hearing on its Rule 11(c)(1)(C) plea agreement on October 25, 2017.

Given the change of pleas for Elna and Holy Stone proposed for October 11, and the Matsuo hearing on October 25, the government suggests that it would be efficient to set a hearing on a consolidated trial schedule for early November. However, absent an order by the Court re-scheduling the contemplated hearing as to some or all defendants, the government expects that all four defendants, as well as the government, will be represented in the Courtroom on October 4.

Respectfully,

*/s/ Howard J. Parker*

Howard J. Parker
Trial Attorney