Joseph R. Saveri (State Bar No. 130064)
Jiamin Chen (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           jchen@saverilawfirm.com


*Interim Class Counsel for Direct Purchaser Victims*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:16-cr-00365-JD |
| v. | **DIRECT PURCHASER VICTIMS' MOTION FOR LEAVE TO FILE VICTIM STATEMENT BY OR BEFORE JANUARY 29, 2018** |
| ELNA CO., LTD., | |
| Defendant. | AND ORDER GRANTING LEAVE |

## I. INTRODUCTION

On January 11, 2018, this Court held a hearing in the related civil case *In Re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal. filed July 18, 2014). During the hearing, this Court asked counsel for Direct Purchaser Victims whether he was "skeptical" about the inability to pay claims advanced by Defendant Elna Co., Ltd., ("Elna") and by other corporate defendants in the criminal prosecution. Transcript 64:12-14. This Court further indicated that a statement and/or filing by Direct Purchaser Victims specifically as to the "financial wherewithal of the defendants and their abilities to pay or not pay" would be "of some value to the court." Transcript at 67:1-5.

On January 12, 2018, and thereafter, counsel for Direct Purchaser Victims have conferred with and continue to confer with counsel for Defendant Elna and with attorneys for the government to arrange for the disclosure of certain key documents concerning Defendant Elna's professed inability to pay. *See* Saveri Decl. These documents include the report prepared by Deloitte and the expert report prepared by the government's expert Dale Zuehls, neither of which were previously disclosed to Direct Purchaser Victims. *Id*.

In accordance with this Court's statements at the January 11, 2018 hearing, and with the rights afforded to crime victims under federal law, including the Crime Victim Rights Act ("CVRA"), 18 U.S.C. § 3771, Direct Purchaser Victims respectfully request leave of this Court to file a victim statement in relation to the sentencing hearing of Defendant Elna by or before January 29, 2018.[1]

## II. LEGAL STANDARD

The CVRA affords to crime victims certain enumerated rights, including "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771.

In a case of first impression interpreting this particular enumerated right under the CVRA, the Ninth Circuit held that the CVRA represents a fundamental change in the way crime victims participate

---

[1] The sentencing hearing of Defendant Elna is scheduled for January 31, 2018. Dkt. No. 47. Under Local Criminal Rule 32-5, the final presentence report (PSR) must be disclosed at least 14 days before the sentencing hearing and should be accompanied by, *inter alia*, victim-witness letters. Accordingly, Direct Purchaser Victims respectfully request leave of this Court to file a victim statement by or before January 29, 2018.

in the federal criminal justice system: "The criminal justice system has long functioned on the assumption that crime victims should behave like good Victorian children – seen but not heard. The Crime Victims' Rights Act sought to change this by making victims independent participants in the criminal justice process." *Kenna v. U.S. Dist. Court for C.D. Cal*, 435 F.3d 1011, 1013 (9th Cir. 2006) (citing CVRA). The Ninth Circuit further held that, in another break with prior laws, the CVRA allows both the government and the victims to enforce crime victim rights. *Id*. Further, after conducting in-depth statutory interpretation, the Ninth Circuit held that the purpose of the CVRA was "to make crime victims full participants in the criminal justice system," including "in the sentencing process." *Id*. at 1016.

Moreover, established Ninth Circuit law instructs that victim statements are widely admissible at sentencing hearings. *Beaty v. Stewart*, 303 F.3d 975, 985 (9th Cir. 2002) ("Victim impact statements are admissible at sentencing unless their admission would be 'so unduly prejudicial that it renders the sentence fundamentally unfair.'") (quoting *Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997); citing *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)).

## III.   LEAVE TO FILE VICTIM STATEMENT SHOULD BE GRANTED

As this Court is well aware, the government and Defendant Elna propose that Elna be sentenced to pay a dramatically reduced criminal fine of $3.825 million, in installments, with no interest, due to Elna's purported inability to pay, pursuant to U.S.S.G. § 8C3.3(b), as well as for cooperating with the government. Dkt. No. 40. This Court has expressed reasonable skepticism and prudence with regard to the government's and Defendant Elna's claims and recommendations. *See*, Dkt. No. 23; *see also* Transcript 67:7-8 (The Court: "Because I have expressed on the record my frustration with the way these issues have been handled."). This Court also has expressed its openness to considering a statement and/or filing by Direct Purchaser Victims as to the Defendant Elna's inability to pay and recommended sentence. Transcript 64:12-68:7.

Further, allowing Direct Purchaser Victims to file a victim statement is a proper exercise of Direct Purchaser Victims' rights under the CVRA to participate fully and independently in the criminal justice system. *Kenna*, 435 F.3d 1011. Direct Purchaser Victims need additional time to file the victim statement because certain information and documents directly related to Defendant Elna's purported

inability to pay and recommended sentence have not yet been disclosed to Direct Purchaser Victims. Saveri Decl. These documents and information will greatly assist Direct Purchaser Victims in forming and stating an informed view that may be of value to this Court. Transcript at 67:1-5. And there is no indication that Direct Purchasers' victim statement would be "so unduly prejudicial that it renders the sentence fundamentally unfair." *Beaty*, 303 F.3d at 985 (internal citations omitted).

Moreover, Direct Purchaser Victims readily acknowledge and respect the importance of criminal fines in the federal penal system, especially in economic crimes. However, where, as here, there are scarce or limited funds available, the interests of justice may not be best served by those funds entirely going toward the United States Treasury at the expense of making the crime victims whole. *See*, *e.g*., *U.S. v. Kaczynski*, 416 F.3d 971, 977 (9th Cir. 2005) ("Enforcing the restitution order by reasonable means, if nothing else, requires the government to take prompt action to see that the victims are awarded restitution in a commercially reasonable manner calculated to maximize monetary return. Anything less would be inadequate.") (internal citation omitted); *see also* Transcript 66:14-25. That is particularly appropriate here, where the government designed, negotiated, and presented to this Court a plea agreement that provides no recovery to the crime victims, and, instead, expressly relies on Direct Purchaser Victims and other victims to procure their own restitution. Dkt. No. 40 p. 7.

**CONCLUSION**

For the reasons discussed above, Direct Purchaser Victims respectfully request leave of this Court to file a victim statement by or before January 29, 2018.

Dated: January 17, 2018

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By: _____*/s/ Joseph R. Saveri*_____
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Jiamin Chen (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Emails: jsaveri@saverilawfirm.com
         jchen@saverilawfirm.com

*Interim Class Counsel for Direct Purchaser Victims*

ORDER

The Court grants the motion, and directs any victim statement to be filed by January 29, 2018.

IT IS SO ORDERED.

Dated: January 23, 2018

